

450 Seventh Ave
Suite 1901
New York, NY 10123

T. 212.643.6677
F. 347.491.4048

November 7, 2025

**Via ECF**
The Honorable Judge Bulsara
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   RE: Case Number: 2:24-CV-7395-AYS
      NDF1, LLC v. Tubbs et al

Dear Judge Bulsara:

  This office represents Plaintiff NDF1, LLC ("Plaintiff") in the above-referenced action. This letter is submitted pursuant to the Court's minute entry and order, issued on October 23, 2025, directing Plaintiff to submit a letter addressing whether dismissal of the Complaint due to the Court's finding on standing should be with or without prejudice.

  Federal and New York courts alike recognize that a failure to establish standing is a jurisdictional defect, not a merits determination, and therefore cannot result in dismissal with prejudice. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123–27 (2d Cir. 1999) (a federal court lacking subject-matter jurisdiction "has no power to dismiss with prejudice"). This principle applies with equal force in mortgage-foreclosure actions, where New York courts consistently hold that dismissal for lack of standing—whether at the pleading, motion, or trial stage—is without prejudice and not on the merits. *See B & H Fla. Notes LLC v. Ashkenazi*, 182 A.D.3d 525 (1st Dep't 2020) (foreclosure dismissed after trial for lack of standing "without prejudice"); *U.S. Bank N.A. v. Marrero*, 220 A.D.3d 815, 818 (2d Dep't 2023) (prior foreclosure dismissed for lack of standing was not a dismissal on the merits for res judicata purposes); *Selene Fin., L.P. v. Coleman*, 187 A.D.3d 1082, 1083–84 (2d Dep't 2020). The same reasoning governs in federal foreclosure actions: because standing is a prerequisite to the court's jurisdiction, a plaintiff's failure to demonstrate standing—whether at the default-judgment phase or otherwise—requires dismissal or denial without prejudice, leaving the plaintiff free to reassert its claims once jurisdiction can properly be established. The Court's issue has only been with Plaintiff's standing to commence this action. There has been no finding that the note and mortgage themselves are not enforceable, but only as to Plaintiff's right to enforce them. Therefore, there is only a jurisdictional issue, which can only lead to a dismissal without prejudice.

  Furthermore, in light of the current posture of the case and the Court's

conclusions regarding standing, Plaintiff hereby seeks to file a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Additionally, Rule 41(a)(1)(B) provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." In this case, no opposing party has served either an answer or a motion for summary judgment. Accordingly, Plaintiff seeks to exercise its right under Rule 41(a)(1)(A)(i) to voluntarily dismiss this action without prejudice.

Thank you for your time and attention to this matter.

Very truly yours,

*Rafi Hasbani*
Rafi Hasbani, Esq.